**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rene Alberto GARCIA–MEJIA,**
**Defendant–Appellant.**

No. 04–41663.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Rene Alberto Garcia–Mejia appeals from his guilty-plea conviction for being found in the United States after previous deportation. For the first time on appeal, Garcia–Mejia argues that the district court erred by sentencing him under the mandatory sentencing scheme held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), an argument that has been termed *"Fanfan* error." *United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005). He also contends that *Fanfan* error is structural in nature. We need not decide the applicability of the waiver provision in this case because the issues that Garcia–Mejia raises are either foreclosed or lack arguable merit.

*Fanfan* error meets the first two prongs of the plain error analysis but is not structural in nature. *United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005). Because Garcia–Mejia has failed to demonstrate that the sentencing judge would have reached a different result if an advisory sentencing scheme had been utilized, his claim of *Fanfan* error does not warrant relief. *See id.* at 601.

Garcia–Mejia also argues that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional. Garcia–Mejia's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia–Mejia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia–Mejia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.